■ In the Matter of VINCENT J. MANSFIELD, Petitioner, v. MICHAEL J. MURPHY, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the City of New York, Police Pension Fund, et al., Respondents.— Determination confirmed and the petition dismissed, without costs. We are all in accord that the evidence was sufficient to establish petitioner's guilt. In view of what petitioner did, we cannot say that the sanction meted out was excessive. All but one of the cases cited in the dissent involved minor employees, and of those only one was a policeman. A superior officer is expected to have a greater appreciation of the responsibilities of his office, and his infractions are therefore less excusable and subject to more rigorous discipline. The remaining petitioner in the cited cases, a physician in the Department of Correction of 20 years' service, was charged with the infraction of a minor rule, and the dismissal was stated to be shocking to the conscience of the court. Concur — Breitel, J. P., Valente, Eager and Steuer, JJ.; McNally, J., dissents in a memorandum: The dismissal of petitioner and the forfeiture of his accrued pension rights in my opinion constitute unreasonably harsh and excessive sanctions. I do not condone the acceptance of gratuities by police officers or for that matter any public official. This police captain's record of 20 years serves to establish that the permissible aims of discipline, the protection of the public, deterrence and rehabilitation can be achieved effectively by punishing the infractions less severely. The forfeiture of pension rights based on prior satisfactory service

smacks of attainder. A period of suspension followed by retirement would in my opinion satisfy the ends of justice. Our courts have heretofore revoked sentences of dismissal of employees with records of prior good service and substituted suspension. (*Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37; *Matter of Nagin* v. *Zurmuhlen*, 6 A D 2d 677; *Matter of Nimelman* v. *Kross*, 5 A D 2d 984; *Matter of McDonnell* v. *Kennedy*, 5 A D 2d 971.) Such a result in my opinion would "make the punishment fit the crime." (Gilbert & Sullivan, The Mikado, Act II.)